**PARK COMMUNITY HOSPITAL, INC.,**
**Plaintiff-Appellant,**

v.

**COMPREHENSIVE HEALTH PLANNING COUNCIL OF SOUTHEASTERN MICHIGAN and Terrence E. Carrol, its Executive Director, Defendant-Appellees.**

**No. 79–1478.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 6, 1981.

Decided April 1, 1981.

Laurence A. Berg, Hyman, Gurwin, Nachman, Friedman & Winkleman, Southfield, Mich., for plaintiff-appellant.

David L. Kaser and Raymond X. Zweig, Zweig & Harkness, Southfield, Mich., for defendant-appellees.

Before EDWARDS, Chief Judge, and MERRITT and BROWN, Circuit Judges.

PER CURIAM.

Plaintiff hospital appeals from a judgment entered sua sponte by the District Court dismissing its complaint. The plaintiff is a hospital in the Detroit area which was seeking major construction work in order to bring itself in compliance with state physical plant standards. It appears from the record that defendant, Comprehensive Health Planning Council of Southeastern Michigan (CHPC), was authorized by HEW and the Michigan Department of Public Health to make "recommendations" concerning an application filed by this hospital for a federally insured construction loan originally in the sum of $3,947,000, under the HUD 242 hospital mortgage insurance program, 12 U.S.C. § 1715z–7 (1976 & Supp. III 1979). Defendant agency made a positive recommendation to the Michigan Department of Public Health concerning such construction loan and same was approved. When bids were taken, however, the bids exceeded the amount then committed by the federal agency, requiring a request to HEW for an increase in funding.

It is the essence of plaintiff hospital's complaint that "defendant's failure to conduct a timely re-review proximately caused Park to suffer damages by encouraging additional costs and expenses for the project." Plaintiff claims that its construction costs were escalated by at least $550,000 due to defendant's delay in reviewing plaintiff's revised HUD 242 funding application. Ultimately HEW waived the review by CHPC and the HUD funding in an increased amount was made available to plaintiff approximately eight months after plaintiff's application for the increase had been filed.

It is clear from the briefs and records that CHPC had no legal authority to determine the funding request and that its "recommendation" was of importance only to the degree that it was first, requested, and

secondly, relied upon by the federal and state governmental agencies concerned. Plaintiff has not made the federal or state agencies parties to this complaint. Under these circumstances, we believe that the District Court's dismissal of the complaint sua sponte was warranted.

The District Judge held, and we agree, that no statute is relied upon which either expressly or by implication serves to give Park Community Hospital, Inc., an express or implied cause of action for a money judgment remedy against these defendants. *See Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

For these and other reasons spelled out in the Memorandum Opinion of Judge James Churchill entered June 22, 1979, the order of dismissal of plaintiff's federal claims is hereby affirmed.